UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:20-CV-11080-CAS-RAOx | Date | April 30, 2021 |
|---|---|---|---|
| Title | AGREEMENT ENFORCEMENT, INC. v. ELLEN PATARO | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (FRCP 12(b)(1), (b)(6)) AND TO JOIN BALANCE POINT DIVORCE FUNDING, LLC AS A PARTY (FRCP 19(a)) (Dkt. 22, filed on March 1, 2021)

## I. INTRODUCTION

On December 7, 2020, plaintiff Agreement Enforcement, Inc. filed suit in this Court against defendant Ellen Pataro. The operative First Amended Complaint, filed on December 10, 2020, alleges claims for: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) conversion, and (4) unjust enrichment. Dkt. 10 ("FAC"). The claims arise from defendant's alleged failure to make payments due pursuant to a litigation funding agreement.

On March 1, 2021, defendant filed the instant motion to dismiss or, in the alternative, join a party. Dkt. 22 ("Mot."). Defendant concurrently filed a request for judicial notice. Dkt. 21 ("RJN"). On March 29, 2021, plaintiff filed an opposition. Dkt. 26 ("Opp."). On April 19, 2021, defendant filed a reply, dkt. 29 ("Reply"), and a supplemental request for judicial notice, dkt. 28 ("Supp. RJN").[1] On April 25, 2021, plaintiff filed an *ex parte*

---

[1] Pursuant to Fed. R. Evid. 201(b)(2), the Court **GRANTS** defendant's request for judicial notice, which attaches briefing, orders and a copy of the docket pertaining to a divorce proceeding, In re the Marriage of Mario Pataro and Ellen Pataro, Case No. 08-021167 FC (38) (Fla. Cir. Ct.). See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                             'O'

| Case No. | 2:20-CV-11080-CAS-RAOx | Date | April 30, 2021 |
|---|---|---|---|
| Title | AGREEMENT ENFORCEMENT, INC. v. ELLEN PATARO | | |

application requesting leave to file a surreply, dkt. 30; see Exh. A ("Surreply"), which defendant opposed on April 27, 2021, dkt. 31. The Court granted plaintiff's *ex parte* application on April 29, 2021. Dkt. 32. In advance of the scheduled hearing, the Court distributed a tentative order, and, on April 30, 2021, the parties notified the Court that they intended to submit on that ruling. The Court therefore takes the matter under submission and vacates the May 3, 2021 hearing. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

### A.    Defendant's Divorce

In 2008, defendant's ex-husband, Mario Pataro ("Mario"), filed for divorce in Florida. Mot. at 2; see In re the Marriage of Mario Pataro and Ellen Pataro, Case No. 08-021167 FC (38) (Fla. Cir. Ct.) (the "Divorce Proceedings").

On December 21, 2009, defendant and Mario entered into a settlement agreement ("Settlement Agreement") that divided their assets and ostensibly terminated the Divorce Proceedings. FAC ¶ 7. The Settlement Agreement, among other things, awarded defendant the former marital residence in Miami, Florida ("Marital Residence"), and a 50% interest in a townhouse in Boca Raton, Florida ("Boca Raton Townhouse"). Id. ¶ 8.

In 2012, defendant learned that Mario had concealed certain assets during the negotiations preceding the Settlement Agreement. Defendant therefore asked the court in Florida to set aside the Settlement Agreement on the basis of fraud. Id. at 2–3. Defendant soon could not afford the mounting legal fees to pursue this litigation. Id. at 3. She

---

741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record"). Likewise, the Court **GRANTS** defendant's supplemental request for judicial notice, which attaches records from the Iowa Secretary of State pertaining to plaintiff. See Global BTG LLC v. Nat'l Air Cargo, Inc., No. CV 11-1657-RSWL (JCGx), 2011 WL 2672337 (C.D. Cal. June 29, 2011) (taking judicial notice of business records filed with the Nevada Secretary of State).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-11080-CAS-RAOx | Date | April 30, 2021 |
|---|---|---|---|
| Title | AGREEMENT ENFORCEMENT, INC. v. ELLEN PATARO | | |

therefore signed a third-party litigation funding agreement with Balance Point Divorce Funding, LLC ("Balance Point") in 2013. Id.; see FAC, Exh. A, ("Funding Agreement"). Pursuant to the Funding Agreement, Balance Point advanced $332,500, termed "Committed Capital" or "Committed Funds," for defendant's legal expenses in exchange for 25% of the assets to be recovered from Mario in the litigation, termed "Marital Asset Claims." Funding Agreement §§ 1(a), 2(a). (By amendment, Balance Point was ultimately entitled to 30% of Marital Asset Claims. FAC ¶ 21.) The Funding Agreement defines Marital Asset Claims, in part, as follows:

> Marital Asset Claims shall include any and all of [defendant's] rights in and to any and all marital assets and rights [defendant] may have in the gross and net martial [sic] estate, including, without limitation, each and every item of property in which [defendant] and [defendant's] spouse share or are deemed to share any kind of interest and any separate property of [defendant].

Funding Agreement § 1(a).

However, the Funding Agreement specifically provides that "Marital Asset Claims shall not include payments or assets granted to [defendant] under the Existing Settlement Agreement." Funding Agreement § 1(b). An exception arises, however, if defendant "requests or uses Committed Funds to enforce any part of the Existing Settlement Agreement," in which case "any benefit from such enforcement shall become a Marital Asset Claim hereunder as determined in good faith by Balance Point and Claim Holder." Funding Agreement § 1(b). Although defendant and Balance Point amended the Funding Agreement in 2014, 2015 and 2016, they did not alter the definition of Marital Asset Claims. Mot. at 4.

Mario filed several motions in the resumed Divorce Proceedings. First, on September 11, 2013, Mario filed a "Motion to List Residence for Sale" in which he requested that the court order the sale of the Boca Raton Townhouse, and for the proceeds to be split between him and defendant pursuant to the Settlement Agreement. Mot. at 4; see RJN, Exh. 5. Defendant filed a response in which she advised the court that she had already begun the process of selling the townhouse. Mot. at 5; see RJN Exh. 6. According to plaintiff, defendant used Committed Funds to file her response. FAC ¶ 22. The townhouse was sold in November 2013, for $150,000. Id. ¶ 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                         'O'

| Case No. | 2:20-CV-11080-CAS-RAOx | Date | April 30, 2021 |
|---|---|---|---|
| Title | AGREEMENT ENFORCEMENT, INC. v. ELLEN PATARO | | |

Plaintiff also alleges that Mario filed a motion, also on September 11, 2013, to list the Marital Residence for sale. Id. ¶ 24. According to plaintiff, defendant opposed this motion. Id. Defendant, though, contends that no such motion appears on the docket for the Divorce Proceedings. Mot. at 5.

On February 4, 2014, Mario filed two more motions in the Divorce Proceedings: a "Motion to Enforce Parties' Agreement," and a "Motion to Disgorge Benefits Received." Mot. at 5; see RJN, Exhs. 8, 9. Together, the motions requested that the court find the Settlement Agreement enforceable, or, if not, require that defendant return any property acquired by the terms of the Settlement Agreement pending the resolution of the Divorce Proceedings. Plaintiff alleges that defendant used Committed Funds to oppose these motions. FAC ¶ 26. The court denied both motions on May 13, 2014. Mot. at 5.

Mario fled the United States in 2017. Id. Defendant filed a renewed motion to set aside the Settlement Agreement, which the court granted on June 29, 2018. Id. at 5–6. The court also entered judgment for defendant in the amount of $49,524,834. FAC ¶ 27. Despite efforts to recover on this judgment, defendant avers has been unable to locate Mario or make any recovery. Mot. at 6.

On November 29, 2018, defendant sold the Marital Residence for $1,870,000. FAC ¶ 28. Plaintiff also alleges that the final judgment awarded defendant a Grand Bay Club Membership, which she sold for $16,500. Id. ¶ 29. Plaintiff contends defendant did not repay Balance Point its pro rata share of the proceeds from the Boca Raton Townhouse, the Marital Residence, or the Grand Bay Club Membership. See id. ¶¶ 33, 36.

  **B.** **Plaintiff's Formation, Assignment of Claims, and Initiation of Suit**

The FAC alleges that plaintiff is a corporation with its principal place of business in Sedona, Arizona. FAC ¶ 1. Plaintiff does not allege under what state's laws it is incorporated. Defendant, however, submits records from the Iowa Secretary of State that establish plaintiff is incorporated under the laws of Iowa, which, in a surreply, plaintiff confirmed. Surreply at 1. Specifically, defendant submits plaintiff's Certificate of Existence, Articles of Incorporation, and a Business Entity Summary. Supp. RJN, Exhs. 14, 15, 16. These documents each establish that plaintiff filed its Articles of Incorporation on February 23, 2021. Plaintiff contends it intended to incorporate on December 6, 2020—one day before filing this action—but that, due to a scrivener's error, the Articles of Incorporation were invalid and had to be re-filed. Surreply at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-11080-CAS-RAOx | Date | April 30, 2021 |
|---|---|---|---|
| Title | AGREEMENT ENFORCEMENT, INC. v. ELLEN PATARO | | |

Plaintiff asserts the claims at issue as the assignee of Balance Point's claims. Specifically, plaintiff alleges that, "[i]n December of 2020, Plaintiff entered into a Bill of Sale & Irrevocable Assignment of Interest … of the Marital Asset Claims specifically asserted herein, including all related choses in action were assigned to it" ("Assignment"). FAC ¶ 30. Plaintiff has not entered any such agreement into the record. Defendant asserts that plaintiff has refused to provide a copy of the Assignment to defendant. Mot. at 6. Pursuant to the Assignment, Balance Point apparently retained a pecuniary interest of "over 10%" in "the outcome of this case." Dkt. 9 (certificate of interested parties).

Defendant now moves to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). In the alternative, plaintiff moves to join Balance Point in this action pursuant to Federal Rule of Civil Procedure 19(a) ("Rule 19(a)").

### III. LEGAL STANDARD

#### A. Rule 12(b)(1)

A motion to dismiss an action pursuant to Rule 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350 (3d ed. 2021). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-11080-CAS-RAOx | Date | April 30, 2021 |
|---|---|---|---|
| Title | AGREEMENT ENFORCEMENT, INC. v. ELLEN PATARO | | |

If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998).

**B.    Rule 12(b)(6)**

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-CV-11080-CAS-RAOx | Date | April 30, 2021 |
|---|---|---|---|
| Title | AGREEMENT ENFORCEMENT, INC. v. ELLEN PATARO | | |

Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

### A. Standing and Capacity to Sue

Defendant moves to dismiss plaintiff's complaint in its entirety, first pursuant to Rule 12(b)(1) on the grounds that plaintiff lacks standing to sue; and, additionally, pursuant to Rule 12(b)(6) on the grounds that defendant lacks legal capacity to sue. Mot. at 17.

#### 1. Standing

Plaintiff asserts standing to bring this suit based on Balance Point's having assigned its claims to plaintiff. It is well established that an assignee may bring suit based on the injury suffered by the assignor. Sprint Communications Co., L.P. v. APCC Services, Inc., 554 U.S. 269, 285 (2008). Nevertheless, "[t]he burden of proving an assignment 'falls upon the party asserting rights thereunder.'" Great Am. Ins. Co. v. Vasquez Marshall Architects, No. 19-cv-1173-CAB-NLS, 2019 WL 4242481, at *2 (S.D. Cal. Sept. 6, 2019) (quoting Cockerell v. Title Ins. & Trust Co., 42 Cal. 2d 284, 292 (1954)). If the fact of the assignment is in issue, the evidence of the assignment must be "clear and positive." Id. (quoting Cockerell, 42 Cal. 2d at 292).

Defendant argues plaintiff's FAC should be dismissed because plaintiff "has not alleged facts sufficient to show that it has been assigned the claims asserted in the FAC." Mot. at 17. Defendant notes that plaintiff has not entered into the record a copy of the Assignment, nor has plaintiff provided a copy to defendant. Id. Furthermore, plaintiff does not quote any language from the purported assignment to establish that the claims at issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-11080-CAS-RAOx | Date | April 30, 2021 |
|---|---|---|---|
| Title | AGREEMENT ENFORCEMENT, INC. v. ELLEN PATARO | | |

have in fact been assigned. Id. Additionally, defendant argues that the documents obtained from the Iowa Secretary of State establish that plaintiff was not a legal entity until February 23, 2021, months after the purported assignment. Reply at 3. Accordingly, defendant argues plaintiff had no capacity to enter into any assignment in December 2020. Id.

Plaintiff responds that it is not required to do more than allege that it "is a corporation headquartered in Sedona, Arizona," and that, "in December of 2020, Plaintiff entered into a Bill of Sale & Irrevocable Assignment of Interest … of the Marital Asset Claims specifically asserted herein, including all related choices [sic] in action were assigned to it." Opp. at 18–19 (citing FAC ¶¶ 1, 30). Plaintiff further contends that it "can certainly plead additional facts to support its capacity to sue and standing herein," although it does not specify what those facts are. Id. at 19. Plaintiff adds that defendant "will have ample opportunity in discovery to address her speculation about the nature and validity of the assignment." Id.

As an initial matter, plaintiff has failed to meet its burden of establishing that a valid assignment exists. Plaintiff has not entered the assignment into the record, nor has it quoted any relevant language from the assignment. The conclusory allegation that the assignment assigned all the claims at issue here is insufficient. See Great Am. Ins. Co., 2019 WL 4242481, at *3 (dismissing complaint where plaintiff-assignee failed to attach assignment to complaint and alleged only that "[n]on-party KOO has assigned to [plaintiff] all of the claims that are the subject matter of this Complaint. [Plaintiff] is the owner of all the claims that are the subject of the Complaint and [plaintiff] is the proper Plaintiff in this action"); Platinum Unit-Owners' Ass'n v. Residential Constructors, LLC, No. 2:14-cv-01076-GMN-GW, 2015 WL 1186530, at *5 (D. Nev. Mar. 16, 2015) ("Plaintiff cannot rely on the assignment to avoid dismissal based upon lack of standing because Plaintiff failed to attach the assignment to the Complaint or even allege its contents in the Complaint.").

Furthermore, it appears plaintiff could not have entered into an assignment in December 2020, because it did not exist until February 2021. Under Iowa law, "the corporate existence begins when the articles of incorporation are filed." Iowa Code § 490.203(1). Here, although plaintiff argues it attempted to incorporate on December 6, 2020, the documents provided by the Iowa Secretary of State make clear that the Articles of Incorporation were filed on February 23, 2021. It follows, then, that plaintiff could not have contracted with Balance Point in December 2020, because it did not exist. Cal. Civ. Code § 1550 (an essential element of a contract is "[p]arties capable of contracting"). And

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:20-CV-11080-CAS-RAOx | Date | April 30, 2021 |
|---|---|---|---|
| Title | AGREEMENT ENFORCEMENT, INC. v. ELLEN PATARO | | |

although, under Iowa law, a corporation may adopt a contract entered into by its promoter, Hog Heaven Corp. v. Midland Farm Mgmt. Co., 380 N.W.2d 756, 759–60 (Iowa Ct. App. 1985), when it brought suit in this case, plaintiff could not have yet adopted the Assignment.

This is relevant because "[s]tanding is determined as of the commencement of litigation." Yamada v. Snipes, 786 F.3d 1182, 1203 (9th Cir. 2015) (quotation omitted) (alteration in original). Thus, a plaintiff cannot bring suit on assigned claims before acquiring the assignment. However, the Ninth Circuit has held that this error, while destructive of jurisdiction, can be cured with a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) ("Rule 15(d)"). Northstar Fin. Advisors Inc. v. Schwab Invs., 779 F.3d 1036, 1048 (9th Cir. 2015) (holding district court "did not abuse [its] discretion in permitting [plaintiff] to file a supplemental pleading after a post-complaint assignment from a party that clearly had standing"), as amended on denial of reh'g and reh'g en banc (Apr. 28, 2015); see In re Schugg, 688 F. App'x 477, 479–80 (9th Cir. 2017) ("In the absence of an amended complaint under Federal Rule of Civil Procedure 15(d) … this standing defect may not be cured by later factual developments." (citing Northstar, 779 F.3d 1036)). Plaintiff's FAC was filed on December 10, 2020, and thus could not cure the standing defect because plaintiff could not have adopted the Assignment until February 2021.

Accordingly, both because plaintiff has not entered the Assignment into the record nor quoted any relevant language from it, and because it appears plaintiff could not have been assigned the claims at issue here by the time it filed the operative FAC, plaintiff has not satisfied its burden of establishing that a valid assignment exists. The Court therefore DISMISSES without prejudice plaintiff's FAC for lack of standing, and instructs plaintiff to file a supplemental pleading pursuant to Rule 15(d) by May 24, 2021, if it elects to do so. This pleading must include a copy of the Assignment.

2.   Capacity to Sue

Defendant also argues that plaintiff's FAC should be dismissed because plaintiff lacked capacity to bring suit when it filed this action. Mot. at 18; Reply at 3. Pursuant to Federal Rule of Civil Procedure 17, whether a corporation has capacity to bring suit is determined "by the law under which it was organized." Fed. R. Civ. P. 17(b)(2). Under Iowa law, although "[a] party must have capacity to sue before the party may commence and maintain a cause of action," Iowa Individual Health Ben. Reinsurance Ass'n v. State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-11080-CAS-RAOx | Date | April 30, 2021 |
|---|---|---|---|
| Title | AGREEMENT ENFORCEMENT, INC. v. ELLEN PATARO | | |

Univ. of Iowa, 876 N.W.2d 800, 805 (Iowa 2016) (quotation omitted), "[t]he fact that an action is brought by a party who lacks capacity to sue is not jurisdictional," Terry's Office Products and Services, Inc. v. Elsbury, 465 N.W.2d 293, 294 (Iowa 1991) (citation omitted). Accordingly, where "the incapacity is a temporary matter … [t]he bringing of the action is not void *ab initio*." Id. (citation omitted); see also Quigley v. Guvera IP Pty Ltd., No. C 10-03569 CRB, 2010 WL 5300867, at *6–7 (N.D. Cal. Dec. 20, 2010) ("California courts consistently treat [the California Corporations Code] and similar corporate registration provisions as governing a company's capacity to sue, not its standing, and therefore do not prevent an unregistered out of state entity from commencing a suit and curing the deficiency while the suit is underway.").

Here, while it appears plaintiff has cured the defect in its capacity to sue by incorporating in Iowa, the Court need not decide the issue until such time as plaintiff demonstrates it has standing pursuant to a valid assignment, as discussed above. Furthermore, because the Court has found that plaintiff failed to establish its standing to sue, the Court does not reach the parties' remaining arguments. If and when plaintiff establishes its standing to sue, the Court will address the remaining arguments, or entertain a newly filed motion to dismiss.

**V.  CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss, and **DISMISSES with leave to amend** plaintiff's FAC. If plaintiff chooses to file a supplemental pleading, it must do so no later than May 24, 2021.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |